# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| STEPHEN DIXON COKER, JR., | ) |
| Plaintiff, | ) |
| v. | ) |
| INSTANT CHECKMATE, LLC, et al., | ) CIV. ACT. NO. 1:19-cv-736-TFM-B |
| Defendants. | ) |

## ORDER

On October 31, 2019, Defendants filed a *Motion to Compel Arbitration and Stay or Dismiss Proceedings* and an *Alternative Motion to Dismiss*. Docs. 10 and 11. In response, Plaintiff filed a *Notice of Cosent to Arbitration and Motion to Stay* on December 9, 2019. Doc. 14.

In their initial motion, Defendants (1) move the Court to compel Plaintiff to submit to arbitration of his claims; (2) move the Court to dismiss Plaintiff's claims without prejudice in light of the arbitration; and (3) alternatively, move the Court to stay the proceedings pending the outcome of arbitration.[1] Doc. 10. In their Alternative Motion to Dismiss, Defendants argue that, if the Court denies their motion to compel arbitration, Plaintiff's claims should nonetheless be dismissed under Fed. R. Civ. P. 12(b)(6). Doc. 11.

In his response, Plaintiff indicates that he consents to submitting his claims to arbitration and moves the Court to stay the proceedings pending the outcome of arbitration. Doc. 14.

As an initial matter, Plaintiff indicates in his response that he has agreed to submit the case to arbitration. Consequently, Defendants' motion to compel arbitration (Doc. 10) shall be granted

---

[1] Defendants provide no alternative argument supporting a stay. Nevertheless, the motion is styled as one to "Compel Arbitration and Stay or Dismiss Proceedings." Doc. 10. Thus, the Court construes the motion to stay as an alternative request in the event the Court denies the motion to dismiss.

as unopposed. Similarly, the parties' agreement to submit to arbitration renders Defendants' alternative motion to dismiss (Doc. 11) at least momentarily moot.

Accordingly, the only issue before the Court is whether to dismiss the proceedings in light of arbitration, as Defendants urge, or to stay the proceedings pending arbitration, as Plaintiff requests. Defendants argue that dismissal is warranted where, as here, all the issues raised by Plaintiff must be submitted to arbitration.

The Federal Arbitration Act ("FAA") provides that the federal courts "shall on application of one of the parties stay" a proceeding where any issue in that proceeding is referable to arbitration. 9 U.S.C. § 3; *see also Caley v. Gulfstream Aerospace Corp.,* 428 F.3d 1359, 1369 (11th Cir. 2005) ("[T]he FAA's enforcement sections require a court to stay a proceeding where the issue in the proceeding 'is referable to arbitration under an *agreement in writing* for such arbitration… .'") (emphasis in original); *Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992) ("The district court properly found that the state law claims were subject to arbitration, but erred in dismissing the claims rather than staying them. Upon finding that a claim is subject to an arbitration agreement, the court should order that the action be stayed pending arbitration.").

Although Defendants cite to three cases to support their proposition that the case should be dismissed rather than stayed, they provide no binding precedent indicating such. In the only Eleventh Circuit decision cited by Defendants, *Caley*, the Circuit Court affirmed a district court decision compelling arbitration and dismissing the case, but the issue of whether the case should have been stayed rather than dismissed was not raised on appeal. To the extent the other cases cited by Defendants—*Alford v Dean Witter Reynolds, Inc*., 975 F.2d 1161, 1164 (5th Cir. 1992) and *MortgageAmerica, Inc., v. Davis*, No. 2:13-cv-177-TMP, 2013 U.S. Dist. LEXIS 45144 *5-6

(N.D. Ala. March 29, 2013)—support Defendants' argument, those decisions are not binding on this Court. Moreover, dismissal appears to be, if anything, a discretionary alternative to the stay otherwise mandated by the FAA. The Court finds no reason to distinguish this case from Eleventh Circuit precedent on this issue.

Accordingly, it is **ORDERED** as follows:

(1) The Motion to Compel (Doc. 10) is **GRANTED**.

(2) The Motion to Dismiss (Doc. 10) is **DENIED**. The parties' motions to stay (Docs. 10, 14) are **GRANTED**.

(3) This case is **STAYED** pending the outcome of arbitration. The Clerk of Court is **DIRECTED** to place this case on the administratively closed docket.

(4) The parties shall file a joint notice with the Court within seven (7) days of the completion of arbitration.

(5) Defendants' Alternative Motion to Dismiss (Doc. 11) is **DENIED WITHOUT PREJUDICE**, with leave to refile if such motion becomes appropriate.

**DONE and ORDERED** this 7th day of January 2020.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE